**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10155 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01927-NVW-4 |
| v. | |
| KENNY RAY KIRBY, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10160 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01927-NVW-5 |
| v. | |
| DAVID P. RACHEL, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10178 15-10306 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01927-NVW-2 |
| v. | |
| STEVEN BREWER, | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|                                              |                          |
| -------------------------------------------- | ------------------------ |
| Defendant-Appellant.                         |                          |

|                                              |                          |
| -------------------------------------------- | ------------------------ |
| UNITED STATES OF AMERICA,                    | No.   15-10179           |
| Plaintiff-Appellee,                          | D.C. No. 2:12-cr-01927-NVW-3 |
| v.                                           |                          |
| JOEL STEPHEN CUTULLE, AKA Joel Cutulle,      |                          |
| Defendant-Appellant.                         |                          |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 11, 2017[**]
Pasadena, California

Before:  O'SCANNLAIN and OWENS, Circuit Judges, and CHRISTENSEN,[***] Chief District Judge.

Defendants Kenny Ray Kirby ("Kirby"), David Paul Rachel ("Rachel"), Joel Stephen Cutulle ("Cutulle"), and Steven Thomas Brewer ("Brewer") appeal from the judgment of the district court following a jury verdict finding Defendants guilty of conspiracy, wire fraud, and money laundering.  As the parties are familiar with

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1. The district court did not err in denying Defendants' motions for acquittal.**

First, contrary to Defendants' contentions, the superseding indictment does not tie the money laundering counts to the substantive wire fraud counts. Despite incorporating the previous paragraphs by reference, the superseding indictment plainly defines the "specified unlawful activity" for purposes of 18 U.S.C. § 1957 generically as wire fraud.

Second, Rachel and Cutulle were not exposed to Double Jeopardy because they were charged and convicted of money laundering, not the uncharged wire fraud underlying those counts. *See United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003) (relying on evidence of uncharged actions relating to broader conspiracy). For similar reasons, the money laundering counts are not duplicitous. *See United States v. Golb*, 69 F.3d 1417, 1429 (9th Cir. 1995) (drug trafficking, the specified unlawful activity, was "not part of the charged money-laundering offense").[1]

Third, viewed in the light most favorable to the prosecution, there is

---

[1] Cutulle waived his merger argument under *United States v. Bush*, 626 F.3d 527, 535-38 (9th Cir. 2010), by failing to raise it in his opening brief. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

3

sufficient evidence that Kirby knowingly participated in the conspiracy, including his receipt and rapid withdrawal of $6.1 million in escrow deposits, the importance depositors placed on Kirby's status as an attorney, his signing of various escrow agreements, and evidence that he wrote letters in furtherance of the scheme. *See United States v. Grasso*, 724 F.3d 1077, 1086 (9th Cir. 2013) (circumstantial evidence can establish a defendant's knowing connection to a conspiracy). Further, Kirby is criminally liable for acts that occurred after he stopped actively participating in the scheme because he did not withdraw from the conspiracy. *See United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992).

Fourth, there is sufficient evidence that Rachel agreed to partake in the conspiracy. From March 2010 to October 2010, Rachel received and quickly disbursed $1.8 million in escrow deposits. There was evidence as early as March 10, 2010 that Rachel was "primed." Rachel reassured a depositor who was wary about the scheme, speaking with him by phone. And, even after he was no longer the escrow agent, Rachel wrote a letter stating that funding was imminent in August 2011.

In sum, the district court did not err in denying Defendants' motions for acquittal.

**2. The district court did not abuse its discretion in conducting voir dire.**

Although a prospective juror made a biased remark against criminals and

inmates before the venire panel, this remark did not taint the jury. In contrast to *Mach v. Stewart*, 137 F.3d 630, 633 (9th Cir. 1997), here the prospective juror made a single statement before the venire panel and the statement was unrelated to the criminal charges at issue.[2] To the extent that Brewer was subsequently impeached with his prior conviction, this occurred on the twelfth day of trial after the jury had heard ample evidence of the scheme. In addition, in light of the "broad discretion" judges enjoy over voir dire, the district court did not abuse its discretion in declining to conduct individual voir dire or to issue a limiting instruction. *See Paine v. City of Lompoc*, 160 F.3d 562, 564 (9th Cir. 1998).

**3. The district court did not abuse its discretion in allowing the government to impeach Brewer with his prior conviction.**

While Federal Rule of Evidence 609(b) limits a party's ability to impeach a witness for truthfulness with a criminal conviction over ten years old, there was no abuse of discretion here given (1) the nature and importance of Brewer's testimony; (2) the high probative value of Brewer's prior fraud conviction; (3) the centrality of Brewer's credibility; and (4) the fact that the district court gave Brewer advanced notice of the potential impeachment prior to testifying, and warned his counsel to make "strategic judgments" about how to conduct Brewer's

---

[2] The prospective juror's statement also did not raise any Confrontation Clause issues. *Cf. Jeffries v. Wood*, 114 F.3d 1484, 1490 (9th Cir. 1997) (where juror had prior knowledge of the defendant's criminal history).

direct examination.  *See United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000).

**4.  The district court did not abuse its discretion in admitting the summary charts.**

The summary charts were admissible under Federal Rule of Evidence 1006. To the extent that they contained evidence of uncharged acts that were part of the conspiracy, it is well-established that "the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).[3]

**5.  The district court did not plainly err in questioning witnesses.**

The district court's questioning of witnesses, including Brewer, did not give "an appearance of advocacy or partiality." *United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011).  The judge's questions appear designed to clarify the murky financial concepts discussed by the witnesses, and to manage the trial.  Further, the judge gave three separate curative instructions ordering the jury not to interpret his questions as evincing disbelief in any witness's testimony.  Accordingly, the judge's questioning did not constitute plain error.  *See United States v. Morgan*, 376 F.3d 1002, 1008 (9th Cir. 2004) ("Even in cases where a judge's participation in a trial is 'extreme,' that participation generally does not warrant reversal if a

---

[3] Moreover, the evidence of the full scope of the conspiracy contained in the charts did not implicate the Confrontation Clause.

6

later curative instruction is given.").

**6. The district court's *Pinkerton*[4] liability instruction did not constitute plain error.**

The district court instructed the jury on *Pinkerton* liability using Ninth Circuit Model Criminal Jury Instruction 8.25, an instruction that this court has repeatedly held accurately states the law. *See United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1203 (9th Cir. 2000) (describing instruction with identical language to instruction 8.25); *United States v. Gadson* 763 F.3d 1189, 1215 (9th Cir. 2014) (holding that instruction 8.25 "directly tracks the language of *Pinkerton*").

Defendants also contend that instruction 8.25 did not require the jury to unanimously determine which defendant committed the underlying act that gave rise to *Pinkerton* liability. This was unnecessary because, as here, "[w]hen an indictment includes a single conspiracy count conjunctively alleging multiple offenses, a jury may convict by finding a conspiracy to commit any or all of the conjunctive acts alleged." *United States v. Castro*, 887 F.2d 988, 993 (9th Cir. 1989). Accordingly, there was no plain error.

**7. The district court's money laundering instruction did not constitute plain error.**

As explained above, the superseding indictment does not tether the money laundering counts to the substantive wire fraud counts. Accordingly, the district

---

[4] *Pinkerton v. United States*, 328 U.S. 640 (1946).

court's money laundering instruction did not constitute plain error.

**8. The district court did not abuse its discretion in denying Rachel's motion to sever.**

"It is well-established that in the federal system there is a preference for joint trials where defendants have been jointly indicted." *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008). A district court abuses its discretion in denying a motion to sever where the "joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011) (internal quotation marks omitted). No such prejudice existed here. Even at a separate trial, evidence of the "full scope of the conspiracy" would have been admissible against Rachel. *Rizk*, 660 F.3d at 1131. Moreover, the district court issued a limiting instruction to prevent Rachel from being unduly tainted by the actions of his co-conspirators. Accordingly, the district court did not abuse its discretion in denying Rachel's motion to sever.

**AFFIRMED.**

8